### 15435.  Southern Railway Company *v.* Eichelberger.

Stephens, J.  1.  In the rules of the interstate-commerce commission, regulating the handling by carriers in interstate commerce of packages containing explosives accepted for transportation, it is provided that "In handling packages of explosives at stations, and in transferring them to and from cars, the greatest care must be taken, and shocks or falls liable to injure the containing package must be avoided," that "careful men must be chosen to handle" explosives, and that it is the duty of carriers to thoroughly instruct their employees in relation to these regulations.

2.  Where boxes in which were aeroplane flares,—mechanisms containing explosives,—and on the outside of which were markings in letters and characters as required by the regulations of the interstate-commerce commission, indicating that the boxes contained dangerous explosives which under the regulations should be handled with the greatest care, were received by a carrier from employees of a United States arsenal for transportation in interstate commerce, it is inferable that the carrier had notice that the boxes contained explosives which should be handled in accordance with the above-mentioned regulations of the interstate-commerce commission; and it is evidence of negligence and a lack of due care on the part of the carrier, and a violation of the above regulations, that the carrier allowed one of the boxes, which weighed about 180 or 200 pounds, to be handled upon the platform, preparatory to loading into a car, by an employee detailed to handle it who could not read and who had not been instructed as to the character of its contents and of the necessity of handling it with any great degree of care, and who handled it by "walking" it across the platform,—that is, by moving it along the platform upon first one corner and then another, in the manner in which trunks are moved, and picking it up alone and struggling with it and placing it upon a float without assistance.

3.  Where it appears that the flares contained in the boxes shipped, which were devices designed to become automatically ignited by the contact of two chemicals and cause an illumination over an expanse of territory when released and dropped from an aeroplane in flight, were so constructed, by reason of their having been manufactured for experimental purposes, that the chemicals therein were not securely placed and could easily be dislodged by slight jars and thereby caused to come together and cause ignition, it is inferable from the evidence that the handling of the box containing one of such flares in the manner indicated would cause a dislodgment and a coming together of the chemicals, and thereby produce an explosion.

4.  Where the box containing the explosive, while being handled as indicated above, exploded and injured one of the carrier's servants standing near by, the evidence authorized the inference that the injury was caused by the carrier's negligence. In a suit by the injured person against the carrier to recover for such injuries, the verdict found for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 28, 1925.

-Action for damages; from Richmond superior court—Judge
Franklin. February 15, 1924.

*Cumming & Harper,* for plaintiff in error.

*C. Vernon Elliott, A. R. Williamson,* contra.